IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2025

## LUTHER SMITH v. FOREMOST INSURANCE GROUP, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-5018-24        Gina C. Higgins, Judge**

_____

### No. W2025-01925-COA-T10B-CV

_____

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B § 2.02 from the trial court's denial of a motion for recusal. We have determined that the petition must be summarily dismissed due to substantive failures to comply with Rule 10B. Accordingly, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Appeal Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Luther Smith, Memphis, Tennessee, Pro Se.

Keith W. Blair and Jackie Eugene Sharp, Jr., Nashville, Tennessee, for the appellee, Foremost Insurance Company.

### OPINION

Luther Smith ("Petitioner") filed his petition for recusal appeal on December 4, 2025. He seeks to overturn the decision by Circuit Court Judge Gina C. Higgins denying his motion for recusal, which order was entered on November 7, 2025.

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an accelerated interlocutory appeal as of right from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appellate court within twenty-one days of the trial court's entry of the order. Tenn. Sup. Ct. R. 10B, § 2.02.

Interlocutory recusal appeals require "meticulous compliance with the provisions of Rule 10B." _Johnston v. Johnston_, No. E2015-00213-COA-T10B-CV, 2015 WL 739606,

at *2 (Tenn. Ct. App. Feb. 20, 2015). "The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015)). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id*. (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)). This requires, *inter alia*, the timely filing of a motion in the trial court that "shall state, with specificity, all factual and legal grounds supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. Additionally, "[t]he motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id*.

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo is defined as 'anew, afresh, a second time.'" *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B § 2.06 also grants this court the discretion to decide the appeal without oral argument.

Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B §§ 2.05 and 2.06.

## ANALYSIS

The record before us reveals several fatal flaws with this recusal appeal, any one of which requires dismissal of the petiton. We will limit our discussion to two of them.

First, the petition for recusal appeal was not timely filed. Rule 10B § 2.02 provides: "To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order." Judge Higgins's order denying Petitioner's recusal motion was entered on November 7, 2025. Petitioner's petition for recusal appeal was filed with the clerk of this court on December 4, 2025, which is more than twenty-one days after the entry of Judge Higgins's order.

Thus, this recusal appeal was untimely. *See* Tenn. Sup. Ct. R. 10B, § 2.02. Consequently, this court lacks jurisdiction to consider the merits of this appeal. *See Jordan v. Jordan*, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834, at *2 (Tenn. Ct. App. Dec. 17, 2024) (citing *Moncier v. Wheeler*, 2020 WL 4343336, at *2 (citing Tenn. Sup. Ct. R. 10B, § 2.08).

Second, Petitioner's motion for recusal was not supported by an affidavit under oath or a declaration under penalty of perjury. *See* Rule 10B § 1.01. In pertinent part, Rule 10B requires:

> **Any party seeking** disqualification, **recusal**, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, **shall do so by a written motion** filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. **The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials**. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Tenn. Sup. Ct. R. 10B § 1.01 (emphasis added).

By failing to file an affidavit in support of the recusal motion, Petitioner failed to file an essential component required by Rule 10B. *See Jordan v. Jordan*, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834, at *3 (Tenn. Ct. App. Dec. 17, 2024) ("Petitioner has failed to file with this court an essential component of her recusal motion—the affidavit[.]") (citing Tenn. Sup. Ct. R. 10B, § 1.01). Moreover, because Petitioner has failed to file an affidavit that states "with specificity, all factual and legal grounds supporting disqualification of the judge," *see* Tenn. Sup. Ct. R. 10B, § 1.01, he has failed to present to this court any "evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012) (citations omitted).

We acknowledge that Petitioner is not represented by counsel on appeal. Although "many pro se litigants have no legal training and little familiarity with the judicial system," pro se litigants must "comply[] with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903

- 3 -

(Tenn. Ct. App. 2003) (citations omitted). Accordingly, the substantive and procedural deficiencies identified above require dismissal of this appeal.

For the foregoing reasons, the petition for recusal appeal is summarily dismissed.

## IN CONCLUSION

This appeal is hereby dismissed, and this matter is remanded with costs of appeal assessed against Petitioner, Luther Smith.

_____
FRANK G. CLEMENT JR., P.J., M.S.